UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CRAIG A. BROWN,               )
                              )
        Plaintiff             )
                              )
v.                            )    No. 2:10-cv-523-GZS
                              )
MICHAEL FERRARA, et al.,      )
                              )
        Defendants            )

**REPORT OF PRE-FILING CONFERENCE UNDER LOCAL RULE 56(h)**

In accordance with the procedural order issued on October 18, 2011, *see* Docket No. 205, I held a Rule 56(h) conference with counsel on November 10, 2011.

Attorney Thomas Kelly appeared for defendant Michael Ferrara, attorney Heidi Hart appeared for defendants Phil Roberts, Jeff Nims, and Jason Hall (the "Camden defendants"), and defendant Nathaniel Beal appeared *pro se*. Plaintiff Craig A. Brown did not appear.

The plaintiff had phoned the clerk's office at about 10 a.m. on November 10, 2011, to indicate that he would not attend because he was allegedly experiencing an elevated heart rate and a panic attack for which he intended to seek medical attention. However, the court takes judicial notice that the plaintiff had personally visited the clerk's office less than one hour earlier, and had been present from approximately 9:10 a.m. to 9:30 a.m., to transact business there, specifically, to file a complaint in a new matter, *Brown v. State of Maine, et al*. In view of these facts, I indicated to the clerk's office that Brown should submit medical documentation corroborating his claim of medical inability to attend the Rule 56(h) conference, failing which the hearing would go forward. As of 1:07 p.m., when I convened today's hearing, no such documentation had been submitted.

1

Prior to the instant conference, Ferrara, the Camden defendants, Beal, and the plaintiff submitted Rule 56(h) memoranda, *see* Docket Nos. 206, 208, 209, 214, all of which I carefully reviewed.

Before discussing the defendants' proposed summary judgment motions, I raised two ancillary matters concerning the spelling of Beal's name and the operative scheduling order in this case. With respect to the first issue, Beal made an oral motion, which I **_GRANTED_**, to correct the spelling of his last name on the court's ECF Docket, which listed him as "Beale."

With respect to the second issue, I noted that after Magistrate Judge Kravchuk had issued a scheduling order on July 1, 2011, *see* Docket No. 138, and had twice granted motions to amend it, on July 11, 2011, *see* Docket No. 153, and July 25, 2011, *see* Docket No. 161, Attorney Frederick F. Costlow filed a letter on September 12, 2011, containing what amounted to a proposed discovery plan, to which Costlow indicated that the plaintiff had not agreed, *see* Docket Nos. 175 and 175-1. I observed that the court had never acted on that proposed discovery plan. After discussion, and without objection, I deemed the proposed discovery plan **_MOOT_**. The operative scheduling order in this case remains Docket No. 138, as amended by orders issued in Docket Nos. 153 and 161. The discovery deadline hence remains January 3, 2012.

Consistent with their pre-filing memoranda, the defendants reported the following with respect to their planned summary judgment motions:

1.     **Ferrara Motion**: Per Attorney Kelly, Ferrara intends to file a motion seeking summary judgment as to all of the plaintiff's claims against him on *res judicata* and collateral estoppel grounds. Specifically, Ferrara will argue that the plaintiff did bring or could have brought all of the instant claims in one or both of two suits litigated in the Maine state courts, in one of which Ferrara brought a real estate boundary line suit, and the plaintiff brought

counterclaims, and in one of which the plaintiff sought a protection from abuse order against Ferrara. Ferrara anticipates filing a 15- to 20-page brief, accompanied by 50 to 70 statements of material facts and record materials not exceeding 100 pages in length. He will be ready to file the motion after receiving and reviewing transcripts of the aforementioned state court proceedings, which Attorney Kelly ordered several months ago and expects to receive in the next week or two. Attorney Kelly raised a question as to whether it is necessary to refile materials that are already of record on ECF. I advised that he use his judgment, perhaps filing only key portions of lengthy documents that have already been filed.

2. **Camden Defendants' Motion**: Per Attorney Hart, the Camden defendants intend to file a motion seeking summary judgment as to all claims against them on grounds that (i) the plaintiff's 42 U.S.C. § 1983 claims are not valid, (ii) the court should decline to exercise supplemental jurisdiction over the remaining state law claims, and, (iii) alternatively, the plaintiff's state law claims are not valid. The Camden defendants anticipate filing a 15-page brief, accompanied by a statement of material facts not exceeding 10 pages in length. The Camden defendants are ready to file their motion.

3. **Beal's Motion**: Beal intends to file a motion seeking summary judgment as to all claims against him on *res judicata* and collateral estoppel grounds similar to those articulated by Ferrara. He anticipates filing a brief of 20 pages or less, accompanied by up to 10 statements of material facts. He noted that many facts pertinent to his motion would be recited by Ferrara and that it would be redundant for him to set them down. However, I advised Beal, who is *pro se*, that he must support his own motion with his own statements of material facts, each supported by a record citation as required by Local Rule 56, which is available online on the court's

website.  Beal stated that he understood.  Beal is prepared to file his motion no later than January 3, 2012.

None of the defendants anticipates a need for further discovery in this case.  The plaintiff has raised discovery issues but has not done so in a proper manner, having not exhausted his obligation pursuant to Local Rule 26(b) to confer in good faith with the defendant(s) regarding said issues before seeking assistance from the court.

Following further discussion, and without objection, I **_ORDERED_** that:

1. All summary judgment motions be filed no later than January 3, 2012, the close of discovery in this case.  Per Local Rule 7(b) and (c), the plaintiff shall have 21 days following each filing to respond to it, and the defendants shall have 14 days following the filing of an applicable response to file a reply memorandum.

2. Initial briefs on summary judgment, and briefs in opposition thereto, shall be limited to 20 pages in length.

**_SO ORDERED_**.

### CERTIFICATE AND NOTICE

A.  This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B.  In accordance with Fed. R. Civ. P. 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.

Dated this 10th day of November, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge