UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CRAIG BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket no. 2:10-cv-523-GZS ) |
| MICHAEL FERRARA, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO SET ASIDE OR VACATE JUDGMENT AND/OR MAKE TRANSCRIPT INADMISSIBLE**

Before the Court is Plaintiff Craig Brown's Motion to Set Aside or Vacate Judgment RE-09-10 and/or Make the Transcript Inadmissible (ECF No. 280). By way of his Motion, Brown seeks to have this Court set aside the Maine Superior Court's Decision and Judgment in <u>Ferrara v. Brown</u>, Docket No. ROCSC-RE-09-10, on the grounds that the Superior Court lacked jurisdiction to hear the case and on the grounds that the presiding judge engaged in judicial misconduct. Additionally, Brown asks that if this Court declines to vacate the Superior Court's decision, that this Court "declare the [Superior Court] decision void, and make the Decision and the Transcripts of the Trial inadmissible" because "the outcome of the Trial was a Void Judgment." (<u>See</u> Motion to Set Aside or Vacate Judgment at 1.)

Brown also asserts that the Superior Court lacked jurisdiction because under Maine law – specifically, 30-A M.R.S.A. § 4407, and the Camden Subdivision Ordinances – the Superior Court improperly changed Plaintiff's property lines. In addition, Brown makes various allegations against a collection of the defendants named in his complaint. Brown states that Defendants Nathaniel Beal and NE Beal Surveyors filed a fraudulent survey with the Knox County Registry of Deeds in violation of 30-A M.R.S.A. § 4406 and that Camden Zoning Officer Jeff Nims fraudulently signed a sworn affidavit in support of the Beal Survey. Brown also asserts that his attorney committed professional misconduct in connection with his representation of Plaintiff.

Defendants[1] respond that Brown's novel jurisdictional argument must fail because even if the Superior Court lacked jurisdiction to change the boundary lines at issue in the case, the ruling did not in fact change the boundary lines.[2] Second, Defendants contend that Plaintiff's Motion is precluded by the Rooker-Feldman doctrine, which "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state court losers' challenging 'state court judgments rendered before the district court proceedings commenced.'" Lance v. Dennis, 546 U.S. 459, 460 (2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Indeed, "district courts [do] not have the authority to review final judgments of state courts; only the Supreme Court has that power." See Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps, 471 F.3d 220, 222 (1st Cir. 2006) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)).

The Court agrees with Defendants that the Rooker-Feldman doctrine applies here. Although Rooker-Feldman is a narrow doctrine, this case fits within its contours. See Lance, 546 U.S. at 463. As the Supreme Court said in Lance v. Dennis, Rooker-Feldman applies to "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id.; see also Davison, 471 F.3d at 222. Here, Plaintiff lost in state court, complains of injuries caused by the state court judgment, and invites this Court to review and reject the state court judgment, which was rendered before the proceedings commenced in this Court. If Plaintiff believed the superior court's decision to be erroneous, he should have appealed. Accordingly, this Court is prevented from exercising jurisdiction over Plaintiff's challenge to the state court judgment, and the Court may not exercise jurisdiction over Plaintiff's request to make the transcript of the state court trial inadmissible. Therefore, Plaintiff's Motion (ECF No. 280) is DENIED.

---

[1] Defendant Michael Ferrara submitted a brief in opposition to Plaintiff's Motion (the "Opposition," ECF No. 283). Defendants Phil Roberts, Jeff Nims, and Jason Hall joined Ferrara's Opposition (see ECF No. 286), as did Defendant Nathaniel Beal (see ECF No. 290).

[2] Defendants contend that the Superior Court made its ruling based on the existing boundary lines and, therefore, any argument that the Superior Court exceeded its powers in ruling on the boundary dispute are inapposite. Defendants also contest Plaintiff's contention that the Superior Court lacks jurisdiction to change boundary lines. The Court need not address this issue, however, because Plaintiff's challenge is precluded by the Rooker-Feldman doctrine.

SO ORDERED.

          /s/ George Z. Singal  
          United States District Judge

Dated this 15th day of June, 2012.