UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CRAIG BROWN,                      )
                                  )
         Plaintiff,               )
                                  )
v.                                )   Docket no. 2:10-cv-523-GZS
                                  )
MICHAEL FERRARA, et al.,          )
                                  )
                                  )
         Defendants.              )


**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Before the Court is the Motion for Summary Judgment of Defendants Jeff Nims, Jason Hall, and Phil Roberts (ECF No. 288). For reasons explained herein, the Court GRANTS Defendants' Motion.

### I. LEGAL STANDARD

Generally, a party is entitled to summary judgment if, on the record before the Court, it appears "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. A "material fact" is one that has "the potential to affect the outcome of the suit under the

applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993) (citing Anderson, 477 U.S. at 248) (additional citation omitted).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the Court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004).

Once the moving party has made this preliminary showing, the nonmoving party must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); see also Fed. R. Civ. P. 56(e). "Mere allegations, or conjecture unsupported in the record, are insufficient." Barros-Villahermosa v. United States, 642 F.3d 56, 58 (1st Cir. 2011) (quoting Rivera-Marcano v. Normeat Royal Dane Quality A/S, 998 F.2d 34, 37 (1st Cir. 1993)); see also Wilson v. Moulison N. Corp., 639 F.3d 1, 6 (1st Cir. 2011) ("A properly supported summary judgment motion cannot be defeated by conclusory allegations, improbable inferences, periphrastic circumlocutions, or rank speculation.") (citations omitted). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001) (quoting In re Ralar Distribs., Inc., 4 F.3d 62, 67 (1st Cir. 1993)).

In this District, Local Rule 56 provides an explicit procedure for queuing up the factual record in connection with a motion for summary judgment. *Pro se* plaintiffs are not as a rule excused from complying with District of Maine Local Rule 56. See Ruiz Rivera v. Riley, 209

F.3d 24, 27–28 & n. 2 (1st Cir. 2000) (noting that the First Circuit has "held consistently that *pro se* status does not free a litigant in a civil case of the obligation to comply with" a district court's procedural rules); see also Lacadie v. Milford, Civ. No. 07–101–BW, 2008 WL 1930410, at *6 n.8 (D. Me. May 1, 2008) ("Courts are not required or even expected to independently sift through the record in search of evidence that might salvage a *pro se* plaintiff[']s case.") (citation omitted). Nevertheless, in certain cases, the Court has approached summary judgment disputes involving a *pro se* party with some leniency. See, e.g., Clarke v. Blais, 473 F. Supp. 2d 124, 128-30 (D. Me. 2007); Demmons v. Tritch, 484 F. Supp. 2d 177, 183–84 (D. Me. 2007). In the context of this case, where the outcome remains the same regardless, the Court has accorded Plaintiff's *pro se* filing the appropriate latitude in the following recitation of undisputed material facts.

## II.  FACTUAL BACKGROUND

Plaintiff Craig Brown lives in the Stonehurst Subdivision in Camden, Maine. His claims in this lawsuit arise out of a boundary dispute between Brown and his neighbor, Michael Ferrara. In December 2002, Brown and Ferrara were involved in a confrontation, which resulted in criminal charges being filed against Brown. Six months later, in May 2003, Ferrara undertook the construction of a fence along the boundary of their property. Despite receiving expert advice that the fence was located entirely on Ferrara's property, Brown believed that the fence encroached on his property. Approximately six years later, in 2009, still believing that the fence was located on his property, Brown tore down sections of the fence.

Ferrara responded by bringing a civil suit against Brown in state court seeking damages for trespass and a decision confirming the location of the boundary line between the Brown and

Ferrara properties. (See Ferrara v. Brown, Docket No. ROCSC-RE-09-10.) Ferrara introduced as evidence a property survey conducted by Nathaniel Beal. Defendant Jeff Nims, Camden's planning and zoning/code officer, submitted an affidavit stating that he considered Beal's survey to be the best current information concerning the location of Ferrara's property line. On November 8, 2010, the Maine Superior Court ruled that the fence was located entirely on Ferrara's property, that Brown's belief as to the boundary line between his and Ferrara's properties was incorrect, and that Brown was liable for trespass in connection with taking down portions of Ferrara's fence. Separately, the Knox County District Attorney's Office brought a criminal suit against Brown for his partial destruction of the fence, and on March 5, 2010 a jury found Brown guilty of criminal mischief for his destruction of the fence. (See State v. Brown, Docket No. ROCSC-CR-2009-00083.)

On December 20, 2010, approximately one month after losing the civil suit in Maine Superior Court, Brown launched this far-reaching lawsuit in federal court against fifty-nine defendants, alleging that the defendants had been engaged in a vast conspiracy to deprive Brown of his civil rights in connection with the determination of his boundary line and the criminal and civil suits brought against him. Three of those fifty-nine defendants are Jeff Nims, the Town of Camden zoning/code officer; Jason Hall, a Camden police sergeant; and Phil Roberts, the Camden police chief (collectively, the "Camden Defendants"). In an earlier decision in this case, the Court dismissed all claims against Nims, Roberts, and Hall except for "post-December, 2004, 42 U.S.C. § 1983 claims (and related state law tort claims)." (Recommended Decision on Camden Defendants' Motion to Dismiss, at 1-2 (D. Me. Apr. 28, 2011) (ECF No. 82); see also Order Affirming the Recommended Decision of the Magistrate Judge (D. Me. June 7, 2011)

(ECF No. 124)).  These remaining claims against Nims, Roberts, and Hall concern their conduct leading up to and during the civil and criminal trials in Maine Superior Court.

In the surviving claims, Brown accuses Nims of making false statements under oath during Brown's criminal trial, when Brown called Nims to testify in support of his defense. Brown also alleges that in the civil case Nims submitted an affidavit in support of Ferrara's summary judgment motion that contained false statements.  With respect to Roberts, Brown alleges that Roberts arrested him without probable cause, provided false testimony in support of the criminal process, and withheld exculpatory evidence.  Finally, Brown alleges that Hall arrested him without probable cause, submitted a misleading and unsigned affidavit to the Grand Jury claiming probable cause to arrest Brown, and withheld exculpatory evidence from the Grand Jury.  Brown makes that allegation concerning Hall despite the fact that Hall did not arrest Brown; Brown turned himself in to Roberts.

Brown filed this case against the Camden Defendants in their individual and official capacities, and the alleged conduct underlying Brown's claim is alleged to have taken place under the color of law.  Further, the Camden Defendants are – and were during the relevant period – alleged to be employees of the Town of Camden, Maine.  The Court concludes that the Camden Defendants have established that the Town did not receive notice of Brown's claims against Town employees Roberts, Hall, or Nims.

## III.   DISCUSSION

Nims, Hall, and Roberts contend that Brown's remaining claims – the post-December 2004 § 1983 claims and related state-law tort claims – fail as a matter of law.  Brown responds by repeating his contention that the state court rulings in Ferrara v. Brown and State v. Brown

should be vacated because they were obtained by fraud. The Court has already disposed of this argument, see Order on Motion to Vacate (ECF No. 380), and will not address it further here. Brown also repeats facts and legal theories that already have been dismissed by the Court, despite the fact that Brown states in his Motion for Summary Judgment that he will restrict his arguments concerning Nims, Roberts, and Hall to post-December 2004 civil rights violations and related state law claims. (See Plaintiff's Motion for Summary Judgment ¶ 12, Feb. 23, 2012 (ECF No. 293)). As the Court previously made clear that all claims against Nims, Roberts, and Hall have been dismissed, save for Brown's post-2004 § 1983 claims and their supplemental state law claims, see Recommended Decision on Camden Defendants' Motion to Dismiss, at 1-2, the Court will only address such claims.[1] Brown's failure to adhere to prior Orders needlessly complicates adjudication of this dispute, causing the parties and the Court to spend inordinate amounts of time reviewing briefings and exhibits not relevant to the remaining issues in this case.

### A. False Arrest, Malicious Prosecution, Withholding Exculpatory Evidence, Fabrication of Evidence

Brown brings § 1983 claims against Nims, Roberts, and Hall for what he believes to be false arrest, malicious prosecution, withholding exculpatory evidence, and fabrication of evidence in connection with the state Superior Court civil and criminal cases. These claims are barred by Heck v. Humphrey, 512 U.S. 477, 484-87 (1994). In Heck, the Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence

---

[1] Following the Court's Order on the Camden Defendants' Motion to Dismiss (ECF No. 82), which dismissed many of Brown's claims, the legal claims underlying numerous sections in Brown's Motion for Summary Judgment are not appropriately before the Court, including claims related to: fraud in the sale and development of the Stonehurst Subdivision (Section I), illegal movement of lot lines (Section II), adverse possession (Section III), stalking and harassment by Ferrara and the Police (Section V). Nonetheless, Brown includes these dismissed claims in his summary judgment motion.

invalid," a plaintiff asserting a § 1983 claim "must prove that the conviction or sentences has been reversed …, expunged …, declared invalid …, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87; see also Meehan v. Town of Plymouth, 167 F.3d 85, 88–89 (1st Cir. 1999) (establishing a malicious prosecution claim requires plaintiff to show that "criminal proceedings were initiated against him without probable cause and for an improper purpose and were terminated in his favor").  Thus, "the district court must consider whether judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Heck, 512 U.S. at 487.

Here, Brown has not shown that his conviction has been reversed, expunged, declared invalid, or called into question by a federal court on habeas review.  Moreover, a finding in favor of Brown on false arrest, malicious prosecution, withholding exculpatory evidence, or fabricating evidence would undermine the validity of Brown's state court conviction.  Accordingly, he cannot proceed against the Camden Defendants under § 1983 on such claims.

## B. Procedural Due Process

To the extent Brown brings claims against the Camden Defendants under § 1983 for violations of procedural due process, such claims also fail.  Brown has made no showing that the Camden Defendants deprived him of life, liberty, or property without due process of law.  Indeed, the facts show that Brown was provided with process in connection with the criminal charges filed against him and his subsequent conviction.  Additionally, § 1983 actions predicated upon violations of due process are inappropriate where adequate state law remedies exist for the tort claims asserted.  See Reid v. New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995) ("a

procedural due process claim may not be redressed under section 1983 where an adequate state remedy exists"). Because Maine recognizes the common law torts of false arrest, see Bale v. Ryder, 290 A.2d 359, 360 (Me. 1972), malicious prosecution, see Trask v. Devlin, 788 A.2d 179, 182 (Me. 2002), and civil perjury, see Bean v. Cummings, 939 A.2d 676, 679 (Me. 2008) (discussing elements of claim for civil perjury), any procedural due process claim based on these underlying torts should be addressed under Maine law, not § 1983.[2]

### C. Section 1983 Claims Based on Allegedly False Testimony

Brown also brings § 1983 claims against Roberts and Hall for allegedly submitting false testimony in support of the criminal process against him. Additionally, Brown alleges that Nims, Camden's Code Enforcement Officer, testified falsely at Brown's criminal trial and submitted a false affidavit in conjunction with Brown's civil trial in state superior court. These claims, however, are barred by Briscoe v. LaHue, 460 U.S. 325, 342-44 (1983), which held that government officials, such as police officers, are not subject to liability under § 1983 for their testimony.

### D. Plaintiff's State Law Tort Claims

Brown brings a variety of common law tort claims against the Camden Defendants, including civil perjury, malicious prosecution, defamation, false arrest/imprisonment, and withholding exculpatory evidence. The Camden Defendants contend that Brown has failed to allege claims that would support federal jurisdiction and ask that the Court dismiss Brown's state claims for lack of jurisdiction. Alternatively, the Camden Defendants ask that the Court decline to exercise supplemental jurisdiction over Brown's state law claims. Exercising its discretion as

---

[2] Similarly, Maine recognizes claims for defamation. To the extent Brown brings claims under § 1983 for violations of procedural due process in connection with his allegations of defamation, such claims are inappropriate under § 1983 because Maine provides adequate state law remedies for defamation. See Reid, 56 F.3d at 341; Rippett v. Bemis, 672 A.2d 82, 86 (Me. 1996) (stating elements of claim for defamation).

to the application of supplemental jurisdiction and examining the totality of the attendant circumstances, the Court declines the Camden Defendants' request and exercises its supplemental jurisdiction over Brown's state law claims. See Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995) ("[T]he exercise of supplemental jurisdiction … is wholly discretionary. And, moreover, the district court, in reaching its discretionary determination on the jurisdictional question, will have to assess the totality of the attendant circumstances.").

The Camden Defendants further contend that Brown's state law tort claims must be dismissed because Brown failed to comply with the notice provision of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8102, 8107. The Camden Defendants are correct. The Maine Tort Claims Act governs tort claims brought against a government entity or its employees. See Smith v. Voisine, 650 A.2d 1350, 1352 (Me. 1994). In order to maintain a tort claim under the Act, a plaintiff must comply with the notice requirements set forth in § 8107, which requires a plaintiff bringing a tort claim against a governmental or municipal employee to provide written notice of the claim to the employer within 180 days after the claim or cause of action accrues.[3] See id. §

---

[3] The notice provision of the Maine Tort Claims Act, 14 M.R.S.A. § 8107(1) & (7) provides:

> **1. Notice requirements for filing.** Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180–day limit, a claimant or a claimant's personal representative or attorney shall file a written notice containing:
>
> **A.** The name and address of the claimant, and the name and address of the claimant's attorney or other representative, if any;
> **B.** A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;
> **C.** The name and address of any governmental employee involved, if known;
> **D.** A concise statement of the nature and extent of the injury claimed to have been suffered; and
> **E.** A statement of the amount of monetary damages claimed.
> . . . . .
>
> **3. Notices.**
>
> **A.** If the claim is against the State or an employee thereof, copies of the notice shall be addressed to and filed with the state department, board, agency, commission or authority whose act or omission is said to have caused the injury and the Attorney General.

9

8107(1); <u>Voisine</u>, 650 A.2d at 1352. Unless the plaintiff can show good cause for the failure to provide notice, a plaintiff who fails to adhere to the notice requirement may not proceed with his tort claim. <u>See</u> <u>id.</u> Here, Brown failed to provide notice of his claim within 180 days of the accrual of his claim. Accordingly, as Brown has made no showing of good cause for this failure to provide the requisite notice, his remaining state law tort claims against the Camden Defendants must fail.[4]

## IV. CONCLUSION

For the reasons stated herein, the Camden Defendants' Motion for Summary Judgment (ECF No. 288) is GRANTED.

---

> **B.** Notice of claims against any political subdivision or an employee thereof shall be addressed to and filed with one of the persons upon whom a summons and complaint could be served under the Maine Rules of Civil Procedure, Rule 4, in a civil action against a political subdivision.
>
> **4. Substantial notice compliance required.** No claim or action shall be commenced against a governmental entity or employee in the Superior Court unless the foregoing notice provisions are substantially complied with.

[4] Regardless of Brown's failure to comply with the notice provisions of the Maine Tort Claims Act, his state law tort claims fail on the merits. For example, Brown's civil perjury claims fail because stating a civil perjury claim requires that the perjured testimony be introduced at trial by the adverse party. <u>See</u> 14 M.R.S.A. § 870; <u>Bean v. Cummings</u>, 939 A.2d 676, 679 (Me. 2008). This defeats Brown's claims against Nims, who Brown called as a defense witness at the criminal trial. This also defeats the civil perjury claims against Nims, for his submission of an affidavit in support of Ferrara's summary judgment motion in the civil trial, and Hall, who submitted an affidavit to the grand jury, because neither submission took place during a trial, as is required under Maine law. <u>See</u> 14 M.R.S.A. § 870; <u>Kraul v. Maine Bonding & Cas. Co.</u>, 672 A.2d 1107, 1109 (Me. 1996). Furthermore, Brown's malicious prosecution claims fail because Brown did not receive a favorable termination of the criminal proceedings against him, as is required under Maine law. <u>See</u> <u>Trask v. Devlin</u>, 788 A.2d 179, 182 (Me. 2002). To the extent Brown's defamation claim is related to statements the Camden Defendants' made as witnesses in the civil proceeding or Brown's criminal trial, Brown's claim fails because statements made by witnesses in judicial proceedings are entitled to absolute immunity for the purposes of defamation. <u>See</u> <u>Lester v. Powers</u>, 596 A.2d 65, 69 & n.6 (Me. 1991) (citing <u>Dineen v. Daughan</u>, 381 A.2d 663, 664-65 (Me. 1978)). Brown's false arrest claim fails because in the criminal proceedings against Brown the Grand Jury found that probable cause existed to charge Brown with criminal mischief. <u>See</u> <u>Kennedy v. Town of Billerica</u>, 617 F.3d 520, 534 (1st Cir. 2010). Finally, Brown's claim that the Camden Defendants withheld exculpatory evidence fails because a police officer is under no constitutional duty to affirmatively assist a defendant in acquiring potential exculpatory evidence. <u>See</u> <u>State v. Allen</u>, 377 A.2d 472, 474-75 (Me. 1977).

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 15th day of June, 2012.