UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CRAIG BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Docket no. 2:10-cv-523-GZS |
| | ) |
| MICHAEL FERRARA, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Nathaniel Beal's Motion for Summary Judgment (ECF No. 291). For reasons explained herein, the Court GRANTS Defendant Beal's Motion.

**I.   LEGAL STANDARD**

Generally, a party is entitled to summary judgment if, on the record before the Court, it appears "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. A "material fact" is one that has "the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993) (citing Anderson, 477 U.S. at 248) (additional citation omitted).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the Court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004).

Once the moving party has made this preliminary showing, the nonmoving party must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); see also Fed. R. Civ. P. 56(e). "Mere allegations, or conjecture unsupported in the record, are insufficient." Barros-Villahermosa v. United States, 642 F.3d 56, 58 (1st Cir. 2011) (quoting Rivera-Marcano v. Normeat Royal Dane Quality A/S, 998 F.2d 34, 37 (1st Cir. 1993)); see also Wilson v. Moulison N. Corp., 639 F.3d 1, 6 (1st Cir. 2011) ("A properly supported summary judgment motion cannot be defeated by conclusory allegations, improbable inferences, periphrastic circumlocutions, or rank speculation.") (citations omitted). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001) (quoting In re Ralar Distribs., Inc., 4 F.3d 62, 67 (1st Cir. 1993)).

In this District, Local Rule 56 provides an explicit procedure for queuing up the factual record in connection with a motion for summary judgment. *Pro se* plaintiffs are not as a rule excused from complying with District of Maine Local Rule 56. See Ruiz Rivera v. Riley, 209 F.3d 24, 27–28 & n. 2 (1st Cir. 2000) (noting that the First Circuit has "held consistently that *pro se* status does not free a litigant in a civil case of the obligation to comply with" a district court's

procedural rules); see also Lacadie v. Milford, Civ. No. 07–101–BW, 2008 WL 1930410, at *6 n.8 (D. Me. May 1, 2008) ("Courts are not required or even expected to independently sift through the record in search of evidence that might salvage a *pro se* plaintiff[']s case.") (citation omitted). Nevertheless, in certain cases, the Court has approached summary judgment disputes involving a *pro se* party with some leniency. See, e.g., Clarke v. Blais, 473 F. Supp. 2d 124, 128-30 (D. Me. 2007); Demmons v. Tritch, 484 F. Supp. 2d 177, 183–84 (D. Me. 2007). In the context of this case, where the outcome remains the same regardless, the Court has accorded Plaintiff's *pro se* filing the appropriate latitude in the following recitation of undisputed material facts.

## II.   FACTUAL BACKGROUND

The Court has detailed the factual background of this lawsuit in previous rulings. (See, e.g., Orders on Motion for Summary Judgment (ECF Nos. 382 & 383); Recommended Decision on Camden Defendants' Motion to Dismiss, at 1-2 (D. Me. Apr. 28, 2011) (ECF No. 82).) Accordingly, the Court recounts only the factual background relevant to Defendant Beal.

Plaintiff Craig Brown and his neighbor, Defendant Michael Ferrara, own abutting lots in the Stonehurst Subdivision in Camden, Maine. For more than a decade, Brown and Ferrara have been involved in a boundary dispute concerning the extent of their respective lots. In 2003, Ferrara erected a fence on the boundary of their respective properties, although the fence itself was located entirely on Ferrara's property. Nearly six years later, in February 2009, Brown cut down portions of Ferrara's fence, believing that the fence was located on his property.

In March 2009, Ferrara hired Beal, a licensed professional land surveyor, to conduct a real estate boundary survey of Ferrara's property. After the survey was completed, a plan

prepared by Beal was recorded in the Knox County Registry of Deeds. In addition, Ferrara filed suit in Maine Superior Court against Brown seeking a declaratory judgment concerning the location of the boundary line; damages for trespass; and recovery of attorney's fees, surveyor's fees, and punitive damages. (See Michael Ferrara, Trustee v. Craig Brown, Docket No. ROCSC-RE-09-10 ("Brown v. Ferrara II").) Beal's survey was entered into evidence in the case. On November 8, 2010 the Superior Court issued a ruling in favor of Ferrara, concluding that the fence erected by Ferrara was located on Ferrara's property; that Brown "damaged, destroyed or threw down the fence; and that the cost to repair the fence was $4038.19." (Decision and Judgment at 1-2, Nov. 8, 2010, Brown v. Ferrara II (ECF No. 280-1).) The Superior Court also ruled that the survey conducted by Beal represented the boundary line between the Brown and Ferrara properties. (See id. at 1.)

In addition, the Knox County District Attorney's Office charged Brown with criminal mischief for cutting down portions of the fence. (See State v. Brown, Docket No. ROCSC-CR-2009-00083.) A jury trial was held and Brown was found guilty. As part of his sentence Brown was ordered to pay $1100 in restitution. Brown attempted, unsuccessfully, to stop the criminal prosecution by filing a lawsuit in federal court against the Town of Camden, in which he alleged that Ferrara, the Town of Camden, prosecuting attorneys, other attorneys, and surveyors were involved in "repeated violations of [Brown's] Constitutional Rights, related to Land Fraud and Local Corruption over a nine year period in Camden, Maine." (Recommended Decision at 1, Brown v. Camden, Docket No. 10-63-P-S (D. Me. 2010) (ECF No. 21) (citing Plaintiff's Complaint ¶ 20).) Brown's case was dismissed with prejudice.

Soon after losing in Maine Superior Court, Brown filed a complaint in this Court naming approximately twenty-one defendants – including Defendant Beal – and asserting approximately

4

fifty-nine claims, ranging from an alleged conspiracy to violate Brown's civil rights, to a variety of common law tort claims, to RICO violations, all in connection with the determination of the boundary line between the Ferrara and Brown properties and the criminal and civil suits brought against Brown. On May 5, 2011, Beal filed a motion to dismiss and a motion for a more definitive statement (ECF No. 92). On June 8, 2011, the Court terminated Beal's motion to dismiss and granted in part his motion for a more definitive statement, stating that Brown's claims against Beal were limited to "a federal civil rights claim alleging that Beal conspired with state actors in the context of the 2009 criminal prosecution in Knox County." (See Order Terminating Motion to Dismiss and Granting in Part Motion for a More Definite Statement (ECF No. 126).)

## III. DISCUSSION

Brown claims that Beal is liable under 42 U.S.C. §§ 1983 & 1985 for conspiring with state actors to deprive Brown of his legal rights in connection with the 2009 prosecution of Brown. The Court finds that Beal is entitled to summary judgment as to Brown's § 1983 claim because Beal did not commit the alleged acts "under color of state law" within the meaning of § 1983. Private citizens can be subject to liability under § 1983 only when their acts or omissions are committed "under color of state law," which occurs where they are "jointly engaged with state officials in the prohibited action." Burke v. Town of Walpole, 405 F.3d 66, 88 (1st Cir. 2005) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982)). "A private party's conduct is attributable to the state if the state has so far insinuated itself into a position of interdependence with [the private party] that it must be recognized as a joint participant in the challenged activity." Camilo–Robles v. Hoyos, 151 F.3d 1, 10 (1st Cir. 1998).

Here, Brown's complaint and related pleadings as they relate to Beal consist of "mere allegations, or conjecture unsupported in the record," which are insufficient at the summary judgment stage. Barros-Villahermosa, 642 F.3d at 58. Indeed, Brown has completely failed to "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue" as to whether or not Beal jointly engaged with state officials in the allegedly prohibited action such that his conduct could be considered "under color of state law." See Triangle Trading Co., 200 F.3d at 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(e). In short, there is simply no genuine issue of material fact on this issue.

Brown's § 1985 claim against Beal fails as well. Section 1985(3), which prohibits conspiracies to deprive persons of rights or privileges, requires an "invidiously discriminatory animus" in which the defendants have taken the action because of "its adverse effects upon an identifiable group." Cronin v. Town of Amesbury, 81 F.3d 257, 261 (1st Cir. 1996) (citing Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 270-72 (1993)). Brown's pleadings concerning his § 1985 claim consist only of "mere allegations" and "conjecture unsupported in the record." Brown has completely failed to "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue" concerning Defendant Beal's participation in a conspiracy to deprive Brown of his rights and privileges. Barros-Villahermosa, 642 F.3d at 58. Furthermore, Brown has completely failed to produce specific facts of Beal's "invidiously discriminatory animus" in which Beal has taken actions against Brown because of their "adverse effects upon an identifiable group." Cronin, 81 F.3d at 261.

## IV.     CONCLUSION

For the reasons stated herein, Defendant Beal's Motion for Summary Judgment (ECF No. 291) is GRANTED.


SO ORDERED.

/s/ George Z. Singal<br>United States District Judge

Dated this 15th day of June, 2012.