UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CRAIG BROWN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Docket no. 2:10-cv-523-GZS |
| | ) |
| MICHAEL FERRARA, et al., | ) |
| | ) |
| | ) |
|       Defendants. | ) |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff Craig Brown's Motion for Summary Judgment (ECF No. 293). For reasons explained herein, the Court DENIES Brown's Motion.

**I. LEGAL STANDARD**

Generally, a party is entitled to summary judgment if, on the record before the Court, it appears "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. A "material fact" is one that has "the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993) (citing Anderson, 477 U.S. at 248) (additional citation omitted).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the Court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004).

Once the moving party has made this preliminary showing, the nonmoving party must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); see also Fed. R. Civ. P. 56(e). "Mere allegations, or conjecture unsupported in the record, are insufficient." Barros-Villahermosa v. United States, 642 F.3d 56, 58 (1st Cir. 2011) (quoting Rivera-Marcano v. Normeat Royal Dane Quality A/S, 998 F.2d 34, 37 (1st Cir. 1993)); see also Wilson v. Moulison N. Corp., 639 F.3d 1, 6 (1st Cir. 2011) ("A properly supported summary judgment motion cannot be defeated by conclusory allegations, improbable inferences, periphrastic circumlocutions, or rank speculation.") (citations omitted). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001) (quoting In re Ralar Distribs., Inc., 4 F.3d 62, 67 (1st Cir. 1993)).

In this District, Local Rule 56 provides an explicit procedure for queuing up the factual record in connection with a motion for summary judgment. *Pro se* plaintiffs are not as a rule excused from complying with District of Maine Local Rule 56. See Ruiz Rivera v. Riley, 209 F.3d 24, 27–28 & n. 2 (1st Cir. 2000) (noting that the First Circuit has "held consistently that *pro se* status does not free a litigant in a civil case of the obligation to comply with" a district court's

procedural rules); see also Lacadie v. Milford, Civ. No. 07–101–BW, 2008 WL 1930410, at *6 n.8 (D. Me. May 1, 2008) ("Courts are not required or even expected to independently sift through the record in search of evidence that might salvage a *pro se* plaintiff[']s case.") (citation omitted). Nevertheless, in certain cases, the Court has approached summary judgment disputes involving a *pro se* party with some leniency. See, e.g., Clarke v. Blais, 473 F. Supp. 2d 124, 128-30 (D. Me. 2007); Demmons v. Tritch, 484 F. Supp. 2d 177, 183–84 (D. Me. 2007). In the context of this case, where the outcome remains the same regardless, the Court has accorded Plaintiff's *pro se* filing the appropriate latitude in the following recitation of undisputed material facts.

## II. FACTUAL BACKGROUND

Plaintiff Craig Brown and his neighbor, Defendant Michael Ferrara, own abutting lots in the Stonehurst Subdivision in Camden, Maine. For more than a decade, Brown and Ferrara have been involved in a boundary dispute concerning the extent of their respective lots. The dispute first boiled over on December 26, 2002, when Brown and Ferrara were involved in an altercation that resulted in Brown pleading guilty to disorderly conduct. Five months after the altercation, in May 2003, Ferrara erected a fence along the boundary line. Brown suspected that the fence was partially on his property, and he hired an attorney to advise him regarding the fence, but Brown was advised that the fence was located on Ferrara's property and Brown took no action at that time.

Nearly six years later, in February 2009, Brown cut down portions of the fence, believing that it was partially located on Brown's property. In response, Ferrara hired Nathaniel Beal, a licensed professional land surveyor, to conduct a real estate boundary survey of Ferrara's

property. In late March 2009, after the survey was completed, a plan prepared by Beal was recorded in the Knox County Registry of Deeds. In addition, Ferrara filed suit in Maine Superior Court against Brown seeking a declaratory judgment concerning the location of the boundary line; damages for trespass; and recovery of attorney's fees, surveyor's fees, and punitive damages. (See Michael Ferrara, Trustee v. Craig Brown, Docket No. ROCSC-RE-09-10.) Beal's survey was entered into evidence in the case and Camden's planning and zoning/code officer, Defendant Jeff Nims, submitted an affidavit stating that he considered Beal's survey to be the best current information concerning the location of Ferrara's property lines. On November 8, 2010 the Superior Court issued a ruling in favor of Ferrara, concluding that the fence erected by Ferrara was located on Ferrara's property; that Brown "damaged, destroyed or threw down the fence; and that the cost to repair the fence was $4038.19." (Decision and Judgment at 1-2, Nov. 8, 2010, Brown v. Ferrara II (ECF No. 280-1).) The Superior Court also ruled that the survey conducted by Beal represented the boundary line between the Brown and Ferrara properties. (See id. at 1.)

In addition, the Knox County District Attorney's Office charged Brown with criminal mischief for cutting down portions of the fence. (See State v. Brown, Docket No. ROCSC-CR-2009-00083.) During the trial, Brown called Nims to the stand in support of his defense. A jury trial was held and Brown was found guilty. Brown attempted, unsuccessfully, to stop the criminal prosecution by filing a lawsuit in federal court against the Town of Camden, in which he alleged that Ferrara, the Town of Camden, prosecuting attorneys, other attorneys, and surveyors were involved in "repeated violations of [Brown's] Constitutional Rights, related to Land Fraud and Local Corruption over a nine year period in Camden, Maine." (Recommended

4

Decision at 1, <u>Brown v. Camden</u>, Docket No. 10-63-P-S (D. Me. 2010) (ECF No. 21) (citing Plaintiff's Complaint ¶ 20).) Brown's case was dismissed with prejudice on May 10, 2010.

On December 20, 2010, soon after losing in Maine Superior Court, Brown filed this second federal case. The complaint named approximately twenty-one defendants and asserted approximately fifty-nine claims, ranging from an alleged conspiracy to violate Brown's civil rights, to a variety of common law tort claims, to RICO violations, all in connection with the determination of the boundary line between the Ferrara and Brown properties and the criminal and civil suits brought against Brown. As this case has progressed, various defendants have been dismissed and the only remaining defendants are Michael Ferrara, Nathaniel Beal, Jeff Nims, Camden police sergeant Jason Hall, and Camden Police Chief Phil Roberts. Moreover, prior orders of the Court have limited Brown's claims against the five remaining defendants. With regard to Nims, Hall, and Roberts (the "Camden Defendants"), the remaining claims against them are limited to Brown's post-2004, 42 U.S.C. § 1983 claims and related state law tort claims. See <u>Brown v. Ferrara</u>, No. 2:10–cv–523–GZS, 2011 WL 2259639 (D. Me. June 7, 2011 (adopting Recommended Decision on Camden Defendants' Motion to Dismiss (ECF No. 82)). Similarly, Brown's claims against Nathaniel Beal have been limited to "a federal civil rights claim alleging that Beal conspired with state actors in the context of the 2009 criminal prosecution in Knox County." (<u>See</u> Order Terminating Motion to Dismiss and Granting in Part Motion for a More Definitive Statement (ECF No. 126).)

### III. DISCUSSION

Brown claims that he is entitled to summary judgment against the remaining defendants on a wide variety of claims. His summary judgment motion states that with regard to the

Camden Defendants and Beal, he will restrict his claims to post-December 2004 violations of 42 U.S.C. § 1983 and related state law tort claims, but his motion contradicts itself by pressing additional claims against the Camden Defendants and Beal.  Furthermore, Brown's statement of material facts fails to comply with the Court's January 26, 2012 Procedural Order (ECF No. 227) requiring that Brown specify which statements are directed to which defendants, and his more than two hundred exhibits fail to comply with local rules because he has not placed exhibit stickers on filed exhibits.  Most egregiously, Brown's statement of material facts consists largely of unsupported allegations.  Following an exhaustive review of all exhibits and filings in this case, the Court concludes that Brown has utterly failed to show that there is no genuine issue of material fact as to allegations underlying his claim.  Brown clearly is not entitled to judgment as a matter of law.  Moreover, the Court has ruled in favor of the remaining Defendants on their respective motions for summary judgment.  (See ECF Nos. 382, 383, 384.)  Although the Court need not rehash Defendants' arguments in favor of granting summary judgment, those arguments apply to preclude summary judgment for Brown on the instant motion.

      Finally, Defendant Ferrara asks that the Court sanction Brown for various violations of the Court's Orders, the Federal Rules of Civil Procedure, and ECF rules pertaining to exhibits.  Brown has been warned previously that redundant filings, lengthy pleadings, and failure to follow established electronic filing procedures will result in the imposition of sanctions.  Although it is a close call given the excessive and redundant filing of exhibits on the part of Brown, the Court declines to impose sanctions at this time.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (ECF No. 293) is DENIED.


SO ORDERED.

        /s/ George Z. Singal
       United States District Judge

Dated this 15th day of June, 2012.