# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

CRAIG BROWN,                          )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )    Docket no. 2:10-cv-523-GZS
                                      )
MICHAEL FERRARA, et al.,              )
                                      )
                                      )
                    Defendants.       )

## ORDER REGARDING ATTORNEYS' FEES AND SANCTIONS

Before the Court are Defendants' Motion For The Payment By Plaintiff Craig Brown Of Attorney Fees That Were Incurred In Defense Of His Federal And State Claims Against Them (ECF No. 398) filed by Defendants Town of Camden, Curt Andrick, Randy Gagne, Roberta Smith, Jeff Nims, Jason Hall, Phil Roberts, Parker Laite, Sr., and Parker Laite, Jr. (collectively the "Camden Defendants") and Motion Of Defendant Ferrara Under 42 U.S.C. § 1988 And Under The Court's Additional Powers To Assess Attorney's Fees Against Craig A. Brown (ECF No. 401) filed by Defendant Michael Ferrara (together, the "Motions For Attorneys' Fees"). Also before the Court are Plaintiff Craig Brown's Responses to the Motions For Attorneys' Fees wherein Brown requests a stay in awarding legal fees, requests that the Court reduce the fees and that the Court sanction attorneys on the opposing side (See ECF Nos. 402 & 403). For the reasons briefly stated herein, the Court DENIES the Motions For Attorneys' Fees (ECF Nos. 398 & 401), deems Brown's request for a stay and a reduction in fees MOOT, and DENIES Brown's Motion for Sanctions (ECF Nos. 402 & 403).

## I.    MOTIONS FOR ATTORNEYS' FEES

The Court has previously detailed the lengthy history of the relationship and litigation between these parties and assumes general familiarity with this case.  (See Recommended Decision On Camden Defs.' Mot. To Dismiss (ECF No. 82); Order On Mot. For Summ. J. (ECF No. 382); Order On Mots. For Summ. J. (ECF No. 383).)

In short, this case arises out of a boundary dispute between pro se Plaintiff Craig Brown and his neighbor, Defendant Michael Ferrara, who own abutting lots in the Stonehurst Subdivision in Camden, Maine.  Brown, Ferrara and certain of the other parties to this case have been involved in numerous prior litigations arising out of the boundary dispute.  (See Brown v. Ferrara, Docket No. ROCDC-PA-08-242 ("Brown v. Ferrara I"); Ferrara v. Brown, Docket No. ROCDC-PA-2009-00047; Michael Ferrara, Trustee v. Craig Brown, Docket No. ROCSC-RE-09-10 ("Brown v. Ferrara II"); Brown v. Camden, et al., Docket No. 2:10-cv-00063-GZS.) These prior litigations have involved a 2008 request for protection from harassment filed by Brown against Ferrara in the Knox Country District Court (Brown v. Ferrara I), a 2009 request for protection from harassment filed by Ferrara against Brown (Ferrara v. Brown), and a request for declaratory judgment filed by Ferrara seeking to resolve the boundary dispute (Brown v. Ferrara II).  On November 8, 2010, the Superior Court issued a final ruling in favor of Ferrara on the boundary dispute in Brown v. Ferrara II.  (Brown v. Ferrara II, Decision and Judgment (Title to Property is Involved) (ECF No. 53-4) at 1-2.)

On December 20, 2010, Brown filed an eighty-three page complaint in this Court naming approximately twenty-one defendants and asserting fifty-nine claims, ranging from an alleged conspiracy to violate Brown's civil rights to common law tort claims to RICO violations.  (See Compl. (ECF No. 1).)  Over the course of nearly two years, the parties to this case engaged in

protracted litigation.  In turn, through motions to dismiss and motions for summary judgment the Court found in favor of each of the Defendants.  (<u>See</u> Recommended Decision On Camden Defs.' Mot. To Dismiss (ECF No. 82); Order On Mot. For Summ. J. (ECF No. 382); Order On Mots. For Summ. J. (ECF No. 383).)

Specifically, on a motion to dismiss in 2011, the Court found that all claims against Defendant Town of Camden were barred by the doctrine of res judicata and that all claims against Defendants Andrick, Gagne, Smith, Laite, Sr., and Laite, Jr. were time-barred.  (<u>See</u> Recommended Decision On Camden Defs.' Mot. To Dismiss (ECF No. 82).)  In that same Order, the Court found that all claims against Defendants Nims, Roberts and Hall that arose from events before 2009 were time-barred.  (<u>See</u> <u>id.</u>)  Over a year later, in its Order On Motion For Summary Judgment, the Court granted summary judgment on all remaining claims against Defendants Nims, Roberts and Hall.  (Order On Mots. For Summ. J. (ECF No. 383).)  In a separate Order, the Court found that the claims asserted by Brown against Ferrara were barred by the doctrine of claim preclusion.  (Order On Motion For Summary Judgment (ECF No. 382).)  Brown's appeal of these rulings resulted in a summary disposition by the First Circuit affirming this Court's decisions.  (<u>See</u> June 11, 2013 Judgment (ECF No. 396).)

Presently before the Court are the Motions For Attorneys' Fees filed by the Camden Defendants and Defendant Ferrara.  The Camden Defendants urge that Brown's claims were frivolous, unreasonable and without foundation and that Brown continued to litigate after it was demonstrated that his claims were meritless.  The Camden Defendants further argue that Brown's litigation tactics were vexatious, an abuse of the judicial process and caused the Camden Defendants to incur needless expenses.  Ferrara joins the arguments of the Camden Defendants and argues that he is entitled to attorney's fees because Brown caused the accrual of

those fees through his course of conduct in this litigation and the rehashing of prior lawsuits. Accordingly, the Camden Defendants request $42,428.00 in attorneys' fees and Ferrara requests $38,459.50 in attorneys' fees.

Generally, parties to a civil litigation bear their own litigation expenses, including attorney's fees. Fox v. Vice, 131 S. Ct. 2205, 2213 (2011). However, in cases brought pursuant to 42 U.S.C. § 1983, a court may, in its discretion, award attorney's fees to the prevailing party under 42 U.S.C. § 1988. Section 1988 states that, "[i]n any action or proceeding to enforce a provision of [section 42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).

"[A]n award of fees in favor of a prevailing plaintiff in a civil rights suit is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception." Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 236 (1st Cir. 2010). Indeed, a prevailing defendant may be awarded fees only where a court finds that the plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 422 (1978). In determining whether a claim is frivolous, the Court must examine the claim at the time it was filed and avoid imposing hindsight upon an ultimately unsuccessful claim. Tang v. R.I. Dep't of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998). The First Circuit has stated that the standard for awarding attorney's fees to prevailing defendants in a civil rights suit is appropriately difficult to satisfy. Lamboy-Ortiz, 630 F.3d at 236. Further, although not addressed by the First Circuit, other Circuits have indicated that where a prevailing defendant seeks attorney's fees against a pro se plaintiff, further caution is warranted. "Pro se plaintiffs cannot simply be assumed to have the same ability as a

plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." Chester v. St. Louis Hous. Auth., 873 F.2d 207, 209 (8th Cir. 1989) (quoting Miller v. Los Angeles Cnty. Bd. of Educ., 827 F.2d 617, 620 (9th Cir. 1987).)  Moreover, even where a court finds that a plaintiff's claim was frivolous, unreasonable or groundless, a court "still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case." Tang, 163 F.3d at 15.

In this case, the prevailing parties, the Camden Defendants and Ferrara, request over $80,000.00 in attorneys' fees against pro se Plaintiff Brown.  The Court has considered the Motions For Attorneys' Fees and the whole course of this litigation, and the Court finds that the Camden Defendants and Ferrara have not carried their heavy, but necessary, burden to show this is the type of rare case in which the Court should award attorneys' fees to prevailing defendants. Even assuming that Brown's claims were frivolous, unreasonable and without foundation, the Court exercises its sound discretion to decline to award attorneys' fees against the pro se plaintiff under the facts of this case.  See Tang, 163 F.3d at 15; see also Chester v. St. Louis Hous. Auth., 873 F.2d 207, 209 (8th Cir. 1989) ("We think that pro se status is particularly relevant in cases like the present one in which the defendant prevails on grounds, such as res judicata, that involve procedural rules that are difficult even for experienced lawyers and judges to apply, much less lay persons.").

Throughout this litigation, Brown has relentlessly pursued his theory of a vast conspiracy involving his neighbor, surveyors, the towns of Camden and Rockport, the police, and the Maine bar, among others, to defraud him of his property and his civil rights.  In the course of pursuing his theories and claims, Brown has pressed arguments previously disposed of by the Court and filed documents that were not relevant to the Court's analysis of the claims presented.  (See, e.g.,

Order On Mot. To Amend And Warning Regarding Sanctions (ECF No. 134).)  As this Court has previously stated, "Brown's failure to adhere to prior Orders needlessly complicates adjudication of this dispute, causing the parties and the Court to spend inordinate amounts of time reviewing briefings and exhibits not relevant to the remaining issues in this case." (Order On Mots. For Summ. J. (ECF No. 383) at 6.)  At the same time, and taking into consideration the vast filings in this case, the Court finds, like the Superior Court found in Brown v. Ferrara II, that Brown holds a subjective and genuine belief that he has been wronged.  (See Brown v. Ferrara II, Decision and Judgment (Title to Property is Involved) at 4.)  Accordingly, the Court finds that bad faith is lacking and attorneys' fees are not warranted on that basis either.  See Christiansburg Garment Co., 434 U.S. at 422 (noting that a finding of bad faith provides a stronger basis for awarding attorney's fees to a prevailing defendant).

Therefore, the Court, in its discretion, finds that this is not one of those "rare" cases where an award of attorneys' fees to the prevailing defendants is appropriate.[1]  See Lamboy-Ortiz, 630 F.3d at 241.  The Motions For Attorneys' Fees (ECF Nos. 398 & 401) are DENIED. However, the Court warns that its patience and discretion is not without limit.  Additional litigation based on the same underlying course of events will likely tip the balance in a different direction.

## II.    BROWN'S MOTIONS

Also before the Court are Brown's Responses to the motions for attorneys' fees.  In his Responses, Brown requests a stay in awarding legal fees, requests that the Court reduce the fees and that the Court sanction attorneys on the opposing side (See ECF Nos. 402 & 403).  Because

---

[1]   The Court notes that the Clerk of Court has taxed costs in favor of the Camden Defendants and Ferrara in the amount of $30.00 to the Camden Defendants and $2,391.14 to Ferrara.  (Order On Bill Of Costs (ECF No. 408).)  In addition, the First Circuit granted the Camden Defendants' motion for fees in the requested amount of $4,802. Brown v. Ferrara, No. 12-1847 (1st Cir. Jan. 30, 2014).

the Court has denied the Motions For Attorneys' Fees, the Court finds Brown's requests for a stay or a fee reduction MOOT. Brown additionally requests that the Court impose sanctions on Attorney Frederick F. Costlow (ECF No. 402) and Attorney Thomas R. Kelly and Defendant Michael Ferrara (ECF No. 403) for their conduct during the course of this litigation (ECF No. 403). The Court finds that sanctions are not appropriate in this case and therefore DENIES Brown's Motion to the extent it requests sanctions against any party or attorney in this case.

## III.    CONCLUSION

For the reasons stated herein, the Motions For Attorneys' Fees (ECF Nos. 398 & 401) are DENIED. Brown's request for a stay and a reduction in fees are MOOT, and the Court DENIES Brown's Motion for Sanctions (ECF Nos. 402 & 403).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 13th day of March, 2014.